1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANSAR EL MUHAMMAD,                      No.  2:21-cv-0894 KJM DB P

12              Plaintiff,

13        v.                                 ORDER

14   D. AZEVEDO, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a complaint under 42 U.S.C. § 1983

18   and an application to proceed in forma pauperis.  For the reasons set forth below, this court will

19   grant plaintiff's motion to proceed in forma pauperis and finds plaintiff fails to state any claims

20   for relief under § 1983.  Plaintiff will be given an opportunity to file an amended complaint.

21                              **IN FORMA PAUPERIS**

22        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

                                             1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING

### I. Legal Standards for Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II.  Analysis

### A.  Allegations of the Complaint

All of plaintiff's allegations arise from one issue – a delay of notary services, which

plaintiff contends the prison was required to provide him under state law and prison regulations.

Plaintiff identifies the state law as AB 2533.  That bill was codified at California Penal Code §

5007.7.  It provides:

> An inmate who has maintained an inmate trust account with twenty-
> five dollars ($25) or less for 30 consecutive days shall be deemed
> indigent. An indigent inmate shall receive basic supplies necessary
> for maintaining personal hygiene. An indigent inmate shall be
> provided with sufficient resources to communicate with and access
> the courts, including, but not limited to, stamps, writing materials,
> envelopes, paper, and the services of a notary for the purpose of
> notarizing a signature on a document, as required.

Plaintiff also cites a state regulation requiring a response to his request for notary services within

three days.  Plaintiff contends his documents were not notarized until two months after he

submitted them.

////

3

As the federal legal bases for his claims, plaintiff contends that he was denied his right of access to the courts and that the state law created a liberty interest protected by the Due Process Clause in notary services.

**B. Does Plaintiff State a Claim for Relief Cognizable under § 1983?**

For a number of reasons, plaintiff fails to state any claims for relief under § 1983. First, plaintiff's allegations amount to a violation of state law. Section 1983 is, by its terms, limited to federal constitutional claims. Second, plaintiff's contention that he had a liberty interest in notary services has no legal support.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Penal Code § 5007.7's requirement that prisons provide indigent inmates with notary services to communicate with the courts does not implicate a "freedom from restraint." Therefore, it does not create a liberty interest protected by the Due Process Clause.

To the extent plaintiff is alleging he was denied his federal constitutional right of access to the courts, that right is inapplicable to his claim. To state a claim for denial of the First Amendment right of access to the courts, a prisoner must allege that he suffered an "actual injury" as a result of the defendants' alleged actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996); Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir.1998) (to state a claim for denial of access to the courts, plaintiff must allege an actual injury). Actual injury means "actual prejudice with respect to contemplated or existing litigation, such as the inability to

4

1  meet a filing deadline or present a claim." Casey, 518 U.S. at 348 (internal quotation omitted).

2  Plaintiff states the lack of notary services deprived him of the right to present documents in

3  probate court proceedings regarding the conservatorship of his father. However, plaintiff does

4  not describe what actual injury he suffered by not being able to present those documents.

5       Even if plaintiff did state an actual injury, his claim does not meet the First Amendment

6  limitation on access-to-the-courts claims to certain types of cases. The right of access to the

7  courts applies only to nonfrivolous direct criminal appeals, habeas corpus proceedings, and civil

8  rights actions. Casey, 518 U.S. at 353 n.3, 354-55. Plaintiff's father's conservatorship

9  proceedings does not fall within the First Amendment categories.

10  **III. Conclusion**

11       Above, this court finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983.

12  While the court finds it unlikely that plaintiff can state a claim under § 1983 based on the delay in

13  notary services, plaintiff will be given an opportunity to amend the complaint.

14       In an amended complaint, plaintiff must address the problems with their complaint that

15  are explained above. Plaintiff is advised that in an amended complaint they must clearly identify

16  each defendant and the action that defendant took that violated plaintiff's constitutional rights.

17  The court is not required to review exhibits to determine what plaintiff's charging allegations are

18  as to each named defendant. If plaintiff wishes to add a claim, they must include it in the body of

19  the complaint. The charging allegations must be set forth in the amended complaint so

20  defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not

21  provide every detailed fact in support of the claims. Rather, plaintiff should provide a short, plain

22  statement of each claim. See Fed. R. Civ. P. 8(a).

23       Any amended complaint must show the federal court has jurisdiction, the action is brought

24  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must

25  contain a request for particular relief. Plaintiff must identify as a defendant only persons who

26  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

27  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

28  of a constitutional right if he does an act, participates in another's act or omits to perform an act

1  he is legally required to do that causes the alleged deprivation).  "Vague and conclusory

2  allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of

3  Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

4       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

5  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

6  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

7  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

8       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

9  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

10  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

11  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

12  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

13  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

14  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

15       An amended complaint must be complete in itself without reference to any prior pleading.

16  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

17  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

18  evidentiary support for his allegations, and for violation of this rule the court may impose

19  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20       For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

21  follows:

22  1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

23  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is

24     assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

25     §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to

26     the Director of the California Department of Corrections and Rehabilitation filed

27     concurrently herewith.

28  3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

6

4.  Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5.  The Clerk of the Court shall provide plaintiff with a copy of the form for civil rights complaints by a prisoner.

Dated: August 4, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/muha0894.scrn LTA

7