UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD, | No. 2:21-cv-0894 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| D. AZEVEDO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his due process rights when they failed to provide him with timely notary services. On screening, this court found plaintiff failed to state any claims cognizable under section 1983. (See Aug. 5, 2021 Order (ECF No. 8).) Plaintiff was given 60 days to file a first amended complaint. When plaintiff did not file a timely amended complaint or otherwise respond to the August 5 order, this court recommended this case be dismissed for plaintiff's failure to prosecute and failure to comply with court orders. (See Nov. 2, 2021 Findings and Recommendations (ECF No. 11).)

In a document filed December 1, 2021, plaintiff states that he is objecting to the findings and recommendations. (ECF No. 12.) However, rather than object to the recommendation that this case be dismissed for failure to prosecute and comply with court orders, plaintiff challenges the screening order.

1

Plaintiff's December 1 filing makes clear that he wishes to proceed with this action. Accordingly, this court will vacate the November 2 findings and recommendations. To the extent plaintiff seeks reconsideration of the August 5 screening order, that request is untimely. See E.D. Cal. R. 303(b) (motions for reconsideration must be filed within fourteen days of the date of service of the order being challenged). Even if this court considers its merits, plaintiff's motion for reconsideration would be denied.

First, by its terms, section 1983 permits suits only against state actors who violated a person's federal constitutional rights. It does not permit suits for violations of state law. Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). Plaintiff is alleging a violation of California Penal Code § 5007.7, a state law.

Second, plaintiff's claims do not otherwise state a violation of a federal constitutional right. A state law requiring notary services does not create a liberty interest protected by the due process clause. See Robinson v. Conner, No. 2:12-CV-397-TMH, 2012 WL 2358955, at *4 (M.D. Ala. May 31, 2012) (State rule re notary services does not give rise to a protected liberty interest.), rep. and reco. adopted, 2012 WL 2359879 (M.D. Ala. June 20, 2012); cf. Williams v. Hill, No. 1:16-cv-0540 LJO EPG PC, 2019 WL 415036, at *5 (E.D. Cal. Feb. 1, 2019) (no liberty interest in specific prison grievance procedure); Hoover v. Crawford, No. 3:06-cv-0212 HDM VPC, 2007 WL 1381777, at *6 (D. Nev. May 10, 2007) (no liberty interest in visitation). A denial of timely notary services does not amount to a restriction on the "freedom from restraint which...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 481-84 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Finally, plaintiff does not state a claim under the First Amendment. A claim that a defendant violated plaintiff's First Amendment right of access to the courts is limited to access to nonfrivolous direct criminal appeals, habeas corpus proceedings, and civil rights actions. Lewis v. Casey, 518 U.S. 343 at 353 n.3, 354-55 (1996). Plaintiff alleges the lack of timely notary

////

2

services affected his participation in a state conservatorship proceeding. Plaintiff fails to show any basis to challenge this court's August 5 screening order.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The November 2, 2021 Findings and Recommendations are vacated;

2. To the extent plaintiff seeks reconsideration of this court's August 5, 2021 screening order, reconsideration is denied.

3. If plaintiff wishes to proceed with this action, he must file a first amended complaint, as described in the August 5 order, within thirty days of the filed date of this order. If he fails to do so, this court will recommend this action be dismissed for plaintiff's failure to comply with court orders.

Dated: January 12, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/
DB prisoner inbox/civil rights/S/muha0894.LTA(2)